IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA INSURANCE CO. a/s/o WILD BLUE MANAGEMENT, LP,<br>　　　　Plaintiff,<br><br>　vs<br><br>MARK BEALE and MARKS MAINTENANCE AND REPAIR,<br>　　　　Defendants. | Civil Action No. 13-1737 |

MEMORANDUM AND ORDER

Presently before the Court is a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the Defendants, seeking to dismiss Plaintiff's request for punitive damages. For the reasons that follow, the motion will be granted.

Plaintiff, Seneca Insurance Company, as subrogee of Wild Blue Management, LP, brings this diversity action alleging that Defendants, Mark Beale and Marks Maintenance and Repair, negligently performed certain electrical work at an unoccupied space at the Natrona Heights Plaza Shopping Mall, such that when other workers subsequently entered the property and turned the live breakers on, the flow of electrical energy from the transformers caused an electrical fire causing in excess of $6 million in property damages. Plaintiff seeks various forms of relief from Defendants for their alleged negligence.

Facts

Wild Blue Management (Wild Blue) was the owner of certain real and personal property located at 1800 Union Avenue, Natrona Heights, Pennsylvania and operated the Natrona Heights Plaza shopping mall, at which stores were leased to various tenants. (Compl. ¶¶ 6-7.)[1] In or about the fall of 2012, Lung and Wellness Centers of Western Pennsylvania entered into a lease

---

[1] ECF No. 1.

with Wild Blue to lease existing unoccupied space at the property. (Compl. ¶ 8.) This tenant required that a neon sign attached to the front façade of the property advertising a former tenant be removed. Wild Blue retained the services of a general contractor, who in turn retained the services of Defendants to remove the neon sign. (Compl. ¶¶ 9-10.)

Defendants were responsible for disconnecting and removing the neon sign and, as part of that responsibility, had a duty to properly and adequately cut and cap the wires that were attached to the sign, disconnect the wires from the transformer and its 9,000 volts by disconnecting and capping the wires at the circuit breaker and remove the circuit breaker from the circuit breaker box. Plaintiff alleges that Defendants did none of the above and left a "ticking time bomb" which ultimately resulted in the loss which is the subject of this suit. (Compl. ¶ 11.)

Subsequent to the removal of the neon sign, on or about December 17, 2012, two painters entered the property to paint the interior of the space leased by the tenant. Plaintiff believes the painters unknowingly turned the live breaker on in order to do their work, and an electrical fire occurred at the property that same day. (Compl. ¶¶ 13-15.)

Plaintiff alleges that:

> The subject fire was due to the flow of electrical energy from the transformers located in the cavity of the façade to the cut wires from the neon sign adjacent to the exterior front section of the façade of the Property. The voltage carried by the wires was sufficient to produce heat which ignited the wooden combustible materials that made up the façade of the Property.
>
> As a direct result of the fire, [Wild Blue] sustained serious economic losses including extensive physical damage to the Property, destruction of inventory, equipment, supplies, costs for emergency services, demolition, repair, and reconstruction, replacement of contents, temporary facilities, relocation costs, labor costs, loss of use, loss of income, and business interruption.
>
> Thereafter, pursuant to the terms and conditions of Plaintiff's policy of insurance issued to [Wild Blue], Plaintiff has thus far paid in excess of Six Million Dollars ($6,000,000.00) to or on behalf of [Wild Blue] for the damages sustained as set forth above. Plaintiff continues to make payments to or on behalf

of [Wild Blue] for the above-described damages.

(Compl. ¶¶ 16-18.)

Procedural History

Plaintiff filed this complaint on December 5, 2013. Jurisdiction is based on diversity of citizenship in that Plaintiff is a New York corporation with its principal place of business in New York, New York; Beale is a Pennsylvania citizen; Marks Maintenance and Repair is a Pennsylvania corporation with its principal place of business in Tarentum, Pennsylvania; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Compl. ¶¶ 1-5.) Count I (the only count) alleges that Defendants acted carelessly, negligently and recklessly in their electrical work as described above. Plaintiff seeks "compensatory and punitive damages together with interest, delay damages, costs, and such other relief as this Court deems appropriate under the circumstances." (Compl. at 7.)

On February 10, 2019, Defendants filed a partial motion to dismiss the punitive damages request (ECF No. 9). Plaintiff filed a brief in opposition on February 28, 2014 (ECF No. 14).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has

3

met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Defendants argue that the Complaint is devoid of facts suggesting that they knew or had reason to know that their conduct created an unreasonable risk of physical harm to another or that such risk was substantially greater than that which is necessary to make their conduct negligent. They further contend that Plaintiff fails to aver any facts tending to show that they had a state of mind required for a finding of recklessness or wantonness in that they deliberately acted or failed to act in conscious disregard of a known high risk of harm to another. Thus, they contend that the factual allegations set forth no more than a claim for ordinary negligence, not for punitive damages.

Plaintiff responds that it has pleaded facts showing Defendants acted with "reckless indifference to the interests of others" and engaged in conduct that created "an unreasonable risk of harm to another and such risk is substantially greater than that which is necessary to make [the] conduct negligent." Plaintiff argues that Defendants' conduct led to calamitous property loss and unnecessarily exposed people to the potential of life-threatening, extremely dangerous

4

conditions of unbridled high-voltage electricity.

### Determining State Law

"It is well established that a federal court exercising diversity jurisdiction must apply the substantive law of the appropriate state." Covington v. Continental Tire, Inc., 381 F.3d 216, 218 (3d Cir. 2004). As Pennsylvania is the forum state, Pennsylvania law governs the legal issues presented herein.

### Punitive Damages

Under Pennsylvania law:

> punitive damages are an "extreme remedy" available in only the most exceptional matters. See Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1098 n. 14. (Pa.1985), rev'd on other grounds sub nom., Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800 (1989). Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." Martin, 494 A.2d at 1096; see also Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (finding that punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in a fashion "so outrageous as to demonstrate willful, wanton or reckless conduct"). A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Id. at 771 (citation omitted). Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 705 (1991). Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to "intentional, willful, wanton or reckless conduct...." Id. at 704 (citation omitted).

Phillips v. Cricket Lighters, 883 A.2d 439, 445-46 (Pa. 2005) (footnote omitted). In Phillips, a two-year-old child started a fire while playing with a disposable butane lighter, killing himself, his mother, and another minor child. Id. at 442. The administratrix of the estates of these decedents brought a products liability action against the defendant manufacturers and distributors of the disposable butane lighters on the ground that the lighter at issue was defective because it

5

should have had child-resistant features. In support of punitive damages, the administratrix presented evidence that the defendant manufacturer had notice of prior instances in which its disposable butane lighters were used by children to accidentally cause fatal fires. Id. at 446-47. The administratrix presented evidence showing that fires caused by children playing with butane lighters resulted in the deaths of 120 people per year, with an additional 750 people being injured in these fires. Id. at 446. Property damage from these fires was in the range of $300 to $375 million per year. The administratrix also proffered evidence that the defendant manufacturer decided not to produce a lighter with a child-proof design after discovering during test marketing that its adult customers disliked the lighter with child-resistant features. Id. The Pennsylvania Supreme Court concluded, however, that the defendant manufacturer's knowledge of these prior accidental fires, along with the defendant's strategic choice based on consumer desires not to create a child-proof lighter, did not exhibit reckless indifference sufficient for a reasonable jury to impose punitive damages. Id. at 447.

Plaintiff's theory herein is that Defendants, despite knowledge of how dangerous it would be not to de-energize the electrical circuits, proceeded not to do so in reckless indifference to the interests of others and created an unreasonable risk of harm substantially greater than that which is necessary to make the conduct negligent. However, there is no meaningful basis to distinguish such an argument from the argument presented in Phillips, in which the defendants were alleged to have had actual knowledge of the dangers of lighters without child-proof features and to have made a strategic choice based on consumer desires not to create a child-proof lighter and three individuals died as a result. See also Richetta v. Stanley Fastening Sys., L.P., 661 F. Supp. 2d 500, 513-14 (E.D. Pa. 2009) (plaintiff alleged that manufacturer had notice of injuries resulting from nail guns' contact trigger design and did not redesign guns to include a safety switch, but

6

this allegation did not suffice to impose punitive damages).

Plaintiff cites <u>Takes v. Metropolitan Edison Co.</u>, 695 A.2d 397 (Pa. 1997), as a case in which there was a punitive damages instruction given where a painting contractor filed an action against an electric company to recover damages for personal injuries sustained when painting a substation and the company failed to warn that a 4,800 volt capacitor had not been de-energized. However, the actual holding of that case was that the Superior Court had erred in addressing on the merits a challenge to a jury charge that a party had not preserved for appellate review. More relevantly, the case noted that it was "undisputed that the trial court committed error by improperly permitting the jury to consider negligence concepts in the determination of the right to punitive damages." <u>Id.</u> at 399 n.4.

Plaintiff also cites <u>Hall v. Episcopal Long Term Care</u>, 54 A.3d 381, 397 (Pa. Super. 2012), <u>appeal denied</u>, 69 A.3d 243 (Pa. 2013), as a case in which the issue of punitive damages was sent to the jury. However, in that case, the evidence was that a nursing home was chronically understaffed and complaints went unheeded, staff was deliberately increased during times of state inspections and then decreased thereafter, staff falsified care logs indicating that the deceased received care when she had not and she continuously cried out in pain during exercises but the staff ignored her complaints. Thus, even though the claim was for negligence, the case clearly involved outrageous intentional behavior causing personal injury and death. None of the cases Plaintiff cites involved only property damage.

For these reasons, the partial motion to dismiss submitted on behalf of defendants (ECF No. 9) will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA INSURANCE CO. a/s/o WILD BLUE MANGEMENT, LP, | ) ) | |
| Plaintiff, | ) ) | |
| vs | ) ) | Civil Action No. 13-1737 |
| MARK BEALE and MARKS MAINTENANCE AND REPAIR, | ) ) | |
| Defendants. | ) | |

ORDER

AND NOW, this 5th day of March, 2014,

IT IS HEREBY ORDERED that the partial motion to dismiss filed by Defendants (ECF No. 9) is granted and Plaintiff's request for punitive damages is dismissed.

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge