IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA INSURANCE CO. a/s/o WILD BLUE MANAGEMENT LP,<br>　　　　Plaintiff,<br><br>　vs<br><br>MARK BEALE and MARKS MAINTENANCE AND REPAIR,<br>　　　　Defendants,<br><br>　vs<br><br>LARRY D. JEFFRIES, d/b/a L&D CONTRACTING, GENE NEWHAMS, d/b/a/ G.N. ELECTRICAL, CHRIS SOKOL, and WILD BLUE MANAGEMENT LP,<br>　　　　Third Party Defendants. | Civil Action No. 13-1737<br><br>Magistrate Judge Mitchell |

MEMORANDUM AND ORDER

Presently before the Court is a motion for reconsideration (ECF No. 83) of this Court's Memorandum Opinion and Order (ECF No. 81) which denied the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed by the Defendants, Mark Beal[1] and Marks Maintenance and Repair (ECF No. 69). For the reasons that follow, the motion will be denied.

Facts

Plaintiff, Seneca Insurance Company (Seneca), as subrogee of Wild Blue Management LP (Wild Blue), brought this diversity action alleging that Defendants negligently performed certain electrical work at an unoccupied space at the Natrona Heights Plaza Shopping Mall, such that when other workers subsequently entered the property and turned the live breakers on, the flow of electrical energy from the transformers caused an electrical fire resulting in millions of

---

[1] Although the Complaint (and hence the caption of this case) and some of the documents in this case use the spelling "Beale," his own declaration (ECF No. 70 Ex. C) and various Bankruptcy Court filings cited herein indicate that the individual defendant's name is actually spelled "Beal."

dollars in property damages. Plaintiff seeks various forms of relief from Defendants for their alleged negligence.

Defendants have impleaded three other contractors who performed work at the site as Third-Party Defendants, specifically: Larry D. Jeffries d/b/a L&D Contracting, Gene Newhams d/b/a G.N. Electrical, and Curtis Sokol. Defendants assert that Sokol was the general contractor on the demolition project, who had the sole responsibility to ensure that the electrical wires were capped and disconnected but negligently failed to do so; and that L&D Contracting and G.N. Electrical were negligent in failing to take proper precautions to determine what was connected to the live circuit breaker before energizing it. Defendants have also filed a Third-Party Complaint against Wild Blue, alleging that its negligence in failing to maintain the façade of the storefront, including not installing fire retainers or breakers in it, created an unreasonable risk of harm which was realized when the fire occurred.

On June 15, 2015, a suggestion of bankruptcy was filed as to Defendant Mark Beal (ECF No. 56) and therefore an order was entered statistically closing the case based on the automatic bankruptcy stay (ECF No. 57). On December 16, 2015, a notice was entered of a Bankruptcy Court order granting relief from the automatic stay (ECF No. 59) and an order was entered lifting the stay in this Court (ECF No. 60).

In a motion for summary judgment filed on April 25, 2016, Defendants referenced the order of the Bankruptcy Court dated December 11, 2015, which stated as follows:

> AND NOW, for the reasons stated on the record at the December 10 hearing, it hereby ORDERED, ADJUDGED, and DECREED that:
>
> 1. The Motion for Relief from the Automatic Stay is **GRANTED** for the purpose of allowing the litigation pending in the United States District Court for the Western District of Pennsylvania (Civil Action No. 13-cv-01737-RCM) to proceed against the Debtor, provided that any recovery obtained therein is limited to the proceeds of any insurance the Debtor may have.

2

(ECF No. 70 Ex. H.) Defendants contended that the phrase "provided that any recovery obtained therein is limited to the proceeds of any insurance the Debtor may have" meant that this Court was required to "look through" to Beal's insurance policy with Nationwide Insurance Co., observe that it had a $1 million limit and conclude that such limit was reached when Nationwide tendered the policy limit to the seven state court plaintiffs in December 2015. Therefore, they argued, this case could not proceed.

The Court rejected this reading of the Bankruptcy Court order. The Court concluded that the most natural reading of the Bankruptcy Court's order was that it was lifting the automatic stay so that this Court could proceed to determine the issue of Beal's liability for the fire, as well as the liability of the Third-Party Defendants. If Beal is ultimately found to be responsible for the damages, the Bankruptcy Court was merely indicating that he could not be held responsible for more than $1 million in damages, because that is the limit of his insurance policy.

On August 5, 2016, Defendants filed a motion for reconsideration (ECF No. 83) of the Court's July 22, 2016 Memorandum Opinion and Order (ECF No. 81) which denied their motion for summary judgment. On August 31, 2016, Plaintiff filed a response in opposition to the motion (ECF No. 86) and on September 9, 2016, Defendants filed a reply brief (ECF No. 87).

Standard of Review

The Court of Appeals has stated that:

"The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

3

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). In this case, Defendants cite no intervening change in the law or availability of new evidence, so their motion raises only a claim that the Court committed a "clear error of law or fact."

In their motion, Defendants argue that: 1) this Court's reading of the Bankruptcy's Court's order constitutes a "clear error of law or fact" and contradicts that order, as a review of documents submitted in the Bankruptcy Court demonstrate; 2) the Bankruptcy Court "clearly intended for this Honorable Court to make a preliminary decision that there was available insurance to cover any potential judgment before proceeding to a determination of Beal's liability on claims which had been discharged in bankruptcy"; 3) the Bankruptcy Court expressly declined to decide the issue of whether there were available insurance proceeds and the parties did not directly put the issue to the Bankruptcy Court; and 4) Seneca represented to the Bankruptcy Court that there was other insurance available to cover its claims against Beal, arguing that discovery was not completed.

Plaintiff responds that: 1) this Court did not misconstrue the Bankruptcy Court order, and the Bankruptcy Court has no authority to direct this Court in its handling of the case; 2) the "notes" attached to the proceeding memo in the Bankruptcy Court are improper hearsay and do not reflect all arguments made; 3) Defendants cite no authority for a district court making a preliminary determination as to the existence of available insurance proceeds; 4) many federal court judgments are entered that have no insurance available and/or uncollectable; and 5) Defendants never raised insurance exhaustion before the Bankruptcy Court and have waived this

4

argument.

In a reply brief, Defendants argue that: 1) Plaintiff ignores the express intent of the Bankruptcy Court and advocates for an interpretation of the Bankruptcy Court order which is divorced from the law protecting persons emerging from bankruptcy; 2) the Bankruptcy Code itself create a permanent injunction precluding any effort to collect a discharged debt from a debtor such as Beal, 11 U.S.C. § 524(a), but the Code indicates that the discharge of the debtor does not affect the liability of any other entity for such debt, § 524(e), and therefore courts have allowed creditors "to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when … establishment of that liability is a prerequisite to recovery from another entity." In re Walker, 927 F.2d 1138, 1142 (10th Cir. 1991); 3) but courts require more than mere allegations that insurance might be available to cover a claim, In re Metro Transp. Co., 82 B.R. 351, 3543-54 (Bank. E.D. Pa. 1988), and if there is no possibility of recovery from a third party, courts have declined to allow the plaintiff to proceed, Healey v. Scovone, 188 F.3d 518 (10th Cir. 1999); and 4) if it becomes apparent that no recovery may be obtained, a case is subject to dismissal on the basis of prudential mootness, National Iranian Co. v. Mapco Int'l, Inc., 983 F.2d 485, 489 (3d Cir. 1992).

Defendants' arguments are unavailing. As Plaintiff notes, there is no authority for a federal district court to make a "preliminary decision" (in other words, to provide an advisory opinion) about the existence of available insurance proceeds so that a bankruptcy court can determine whether to lift an automatic stay because a potential judgment would (or would not) be paid by a debtor's insurance company. Moreover, by contending that a third party (Nationwide) cannot be required to pay for Beal's liability because it has already paid the full amount of the policy proceeds, Defendants have proved too much because there are other third

5

parties involved.

To put the matter plainly: the issue before this Court is to determine who is liable for the fire that has caused millions of dollars in damages at the Natrona Heights Plaza Shopping Mall on December 17, 2012. If Seneca fails to demonstrate that Beal is liable, then whether he has insurance proceeds to pay a judgment against him is irrelevant to these proceedings. If Seneca demonstrates that Beal is liable and he demonstrates that the Third-Party Defendants (the three contractors and Wild Blue, the management company) are liable over to him, then the issue of his insurance coverage is similarly irrelevant to this Court. More importantly for purposes of Defendants' motion, the fact that these third parties might be liable over to Beal for some or all of his potential liability suggests that this situation is in fact one in which a creditor (Seneca) can proceed against a debtor (Beal) for the purpose of establishing the debtor's liability when establishment of that liability is a prerequisite to recovery from other entities (the subcontractors and Wild Blue). Of course, the determination of whether to lift the automatic stay is a matter for the Bankruptcy Court to determine, not this Court, but this fact undermines Defendants' argument that this case should be dismissed on the basis of prudential mootness.

In summary, Defendants have not demonstrated that the Court's July 22, 2016 order committed a "clear error of law or fact." Therefore, the motion for reconsideration will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SENECA INSURANCE CO. a/s/o WILD BLUE )
MANAGEMENT LP, )
       Plaintiff, )
)
vs )     Civil Action No. 13-1737
)
MARK BEALE and MARKS MAINTENANCE )
AND REPAIR, )     Magistrate Judge Mitchell
       Defendants, )
)
vs )
)
LARRY D. JEFFRIES, d/b/a L&D )
CONTRACTING, GENE NEWHAMS, d/b/a/ )
G.N. ELECTRICAL, CHRIS SOKOL, and WILD )
BLUE MANAGEMENT LP, )
       Third Party Defendants. )

## ORDER

AND NOW, this 23rd day of September, 2016, for the reasons provided in the Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (ECF No. 83) is denied.

                        s/Robert C. Mitchell
                        ROBERT C. MITCHELL
                        United States Magistrate Judge