IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA INSURANCE COMPANY a/s/o WILD BLUE MANAGEMENT LP, | : CIVIL DIVISION<br>:<br>: Case No.: 2:13-cv-01737 RCM |
| Plaintiff | : |
| v. | : |
| MARK BEALE, | : |
| and | : |
| MARKS MAINTENANCE AND REPAIR, | : |
| Defendants and<br>Third-Party Plaintiffs, | : |
| LARRY D. JEFFRIES d/b/a L&D CONTRACTING, L&D CONTRACTING LLC, L&D CONTRACTING AND REMODELING LLC, GENE NEWHAMS d/b/a G.N. ELECTRICAL, and CHRIS SOKOL | : |
| Third-Party Defendants | : |
| v. | : |
| WILD BLUE MANAGEMENT LP | : |
| Third-Party Defendant | : |

**BRIEF SUPPORTING
PLAINTIFF, SENECA INSURANCE COMPANY'S MOTION IN LIMINE
TO PRECLUDE LATE OFFERED EVIDENCE BY RALPH DOLENCE**

Plaintiff Seneca Insurance Company, by and through its undersigned attorneys, hereby moves *in limine* to preclude the introduction of documents or video by Ralph Dolence.

**I.     BACKGROUND**

This action arises out of a fire at the Natrona Heights Plaza on December 17, 2012. Seneca is the subrogee of the owner of the property, having paid damages in excess of $11,000,000 to the property owner and its tenants. Seneca contends that the fire was caused by the Defendant Mark Beal.

Defendant Beal submitted an expert report by Ralph Dolence which essentially contends that there are too many variables to determine the basis for the fire. Dolence also contends that the neon sign components could not have caused the fire.

At the 11th hour, without prior notice, Defendant Beal has sent over a short time ago additional documents and video supposedly supporting Dolence's Report. The additional evidence is clearly outside the scope of the report and is too late to be produced near the end of trial.

**II.    ARGUMENT**

Federal Rules of Evidence Rule 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Irrelevant evidence is inadmissible pursuant to F.R.E. 402. F.R.E. 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The type of "prejudice" that excludes evidence refers to an undue tendency to suggest a decision on an improper basis.

The evidence is not relevant to the opinions already provided in Dolence's report. Moreover, the information is provided very late.

All evidence is subject to the probative-prejudice balancing analysis pursuant to Fed. R. Evid. 403. Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 537 (E.D.N.Y. 2011). Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. Fiacco v. City of Rensselaer, 783 F.2d 319, 327-28 (2d Cir. 1986). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" Bensen v. Am. Ultramar, Ltd., No. 92-CIV-4420, 1996 U.S. Dist. LEXIS 10647, 1996 WL 422262, at 6 (S.D.N.Y. July 29, 1996) (quoting United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944)).

The additional evidence is simply being submitted to confuse the jury.  The evidence does not relate to his original opinions and seeks to confuse the jury.  It should be precluded.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order precluding the late submitted evince to be introduced by Ralph Dolence at trial.

        Respectfully submitted,

        **SALMON, RICCHEZZA, SINGER & TURCHI** LLP

        /s/ Ronald L. Daugherty
        _____

        John E. Salmon, Esquire
        Marco P. DiFlorio, Esquire
        Ronald L. Daugherty, Esquire
        Attorneys for Plaintiff/Third-Party Defendant,
        Seneca Insurance Company
        1601 Market Street, Suite 2500
        Philadelphia, PA 19103
        (215) 606-6600

Dated:  3/25/18