IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA INSURANCE CO. a/s/o WILD BLUE MANGEMENT LP,<br>        Plaintiff,<br><br>vs<br><br>MARK BEAL d/b/a MARK'S MAINTENANCE AND REPAIR,<br>        Defendant and Third-Party Plaintiff,<br><br>vs<br><br>LARRY D. JEFFRIES d/b/a L&D CONTRACTING and GENE NEWHAMS d/b/a/ G.N. ELECTRICAL,<br>        Third-Party Defendants. | Civil Action No. 13-1737 |

## MEMORANDUM AND ORDER

On March 28, 2018, following a trial, the jury returned a verdict in the above-captioned case in favor of the Defendant, Mark Beal d/b/a Mark's Maintenance and Repair (Beal), and against the Plaintiff, Seneca Insurance Co. a/s/o Wild Blue Management LP (Seneca) on Seneca's claim against Beal for negligence arising out of a fire on December 17, 2012 that caused significant damage to the Natrona Heights Shopping Plaza. Although the jury concluded that Beal had been negligent when he removed a neon sign from the façade of a store front at the plaza, it also concluded that Seneca had not demonstrated that Beal's actions or omissions were the factual cause of the fire. Therefore, the jury did not reach the question of the percentage of the negligence that was the factual cause of the fire that should be attributed to Beal.

Presently pending before the Court is Plaintiff's motion for a new trial or in the alternative for judgment notwithstanding the verdict. Defendant has filed a brief in opposition to

the motion, Plaintiff has filed a reply brief and Defendant has filed a sur-reply brief. For the reasons that follow, the motion will be denied.

Factual Background

On October 6, 2012, Beal was contacted by Chris Sokol, a contractor, to remove a neon sign from the canopy of a vacant storefront at the Natrona Heights Shopping Plasa because a new tenant would be moving in. At that time, the electricity to that store had been turned off for two years. Beal climbed up a ladder and disconnected the letters of the sign from the wires that were connected to it. The evidence was disputed as to whether he capped or taped the wires: he claimed that he had but the photographs suggested otherwise, and the experts disagreed about the matter. It was undisputed that Beal pushed the wires back into the canopy, that he did not disconnect or tape the circuit breaker, that he did not fill the holes, that he did not disconnect or remove the wiring and that he did not disconnect or remove the transformers in the canopy which would step up the current from 120 volts to between 9,000 and 15,000 volts.

Two months later, Gene Newhams, the general contractor in charge of the project, had the electricity restored to the storefront, which was about to be occupied by a new tenant called the Lung and Wellness Center. On December 17, 2012, Larry Jeffries and his brother William were painting the interior of the store and evidence was presented that Larry Jeffries may have accidentally switched on circuit breaker #34—which controlled the power to the neon sign in the canopy—while attempting to turn on the lights in the store. Around 9:30 p.m. that evening, a patron of J&S Pizza (the store next to the vacant one) was standing in the parking lot when she saw sparks of fire through the holes in the canopy where the sign had been. The fire quickly spread through the canopy of the storefronts. Luckily, no one was injured, but the plaza sustained significant damages that the parties stipulated to costing $11.5 million. An

investigation conducted thereafter concluded that the fire had originated in the canopy above the Lung and Wellness Center and that Beal's removal of the neon sign had left wiring that, when energized, sparked and caused the fire. Seneca paid Wild Blue Management for its losses and became subrogated to Wild Blue's negligence claim against Beal. Although Beal filed third-party claims against Newhams, Sokol and Jeffries, he later withdrew the claim against Sokol and the parties essentially agreed that Newhams and Jeffries would not present any defense at the trial (they were called as witnesses, but their lawyers did not attend the trial).

At the trial, Plaintiff presented three experts: Dennis Brew (who specializes in installing and removing neon signs), Gerald Kufta (a licensed private investigator specializing in fires) and Samuel Sero (a forensic engineer). Defendant presented only one expert witness: Ralph Dolence, a fire investigator and licensed master electrician. The trial began on Monday, March 19, 2018 and the final witnesses testified on Tuesday, March 27, 2018.

On March 28, 2018, the jury heard closing arguments and the Court's instructions, then retired to deliberate. Approximately one hour later, the jury returned with two questions: 1) "What is the definition of 'Factual Cause'?"; and 2) "Why are Larry Jeffries (L&D) & Gene Newhams listed as Third Party Defendants?" (ECF No. 201.) After consulting with the attorneys, the Court responded to the first question by reading back the Standard Jury Instruction. One of the jurors started to make a comment to the effect that "we were hoping for something more." The Court directed the jury to return to its deliberations.

Sometime later, the jury returned with a verdict. The first question on the verdict slip asked: "Was the defendant, Mark Beal doing business as Mark's Maintenance and Repair, negligent?" The jury responded "yes." The second question asked: "was the negligence of Mark Beal doing business as Mark's Maintenance and Repair a factual cause of any harm to the

plaintiff?" In response to this question, the jury answered "no." (ECF No. 202.) Therefore, the jury did not reach question 3, which inquired as to what percentage of the negligence that was a factual cause of any harm to the plaintiff the jury attributed to Mark Beal. The jury was polled and all members agreed that this was their verdict. No motions were made. The Court thanked the jury members for their service and they were excused.

Procedural History

On April 25, 2018, Plaintiff filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial (ECF No. 204). On May 17, 2018, Defendant filed a brief in opposition (ECF No. 209). On June 1, 2018, Plaintiff filed a reply brief (ECF No. 215). On June 7, 2018, Defendant filed a motion for leave to file a sur-reply brief (ECF No. 216) and after this motion was granted (ECF No. 217), Defendant filed a sur-reply brief on June 11, 2018 (ECF No. 218).

Standard of Review

Rule 50 of the Federal Rules of Civil Procedure provides that after entry of a judgment by the jury, the Court may allow the judgment to stand, order a new trial or direct entry of judgment as a matter of law in favor of the aggrieved party. A court may order a new trial on all or part of the issues in the case "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States" under Fed. R. Civ. P. Rule 59. A court also may overturn a jury verdict when "as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." Raiczyk v. Ocean County Veterinary Hospital, 377 F.3d 266, 268 (3d Cir. 2004) (citing Dudley v. S. Jersey Metal, Inc., 555 F.2d 96, 101 (3d Cir. 1977)).

Rule 59 provides that a court may grant a new trial upon motion "for any reason for

which a rehearing has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). The Rule does not specify the basis on which a court may grant a new trial, but rather leaves that decision to the discretion of the district court. See Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992).

Plaintiff argues that: 1) the testimony of Ralph Dolence was unhelpful to the jury, improper and prejudicial to Seneca; 2) Dolence testified at length about photographs not included in his report, and which he failed or refused to identify with sufficient specificity to allow the validity of his opinion to be probed in discovery or at trial; 3) Beal's counsel made several statements during trial and in her closing argument that tainted the proceeding and the jury's deliberation and likely led to jury confusion; and 4) the jury's questions and statements made by jurors clearly indicated that the jury was confused as to the proper legal standard for causation, which was not alleviated and which was reflected in the verdict.

Defendant responds that: 1) Plaintiff did not move for a directed verdict at the close of the evidence and therefore it cannot request judgment notwithstanding the verdict; 2) Beal challenged Seneca's contention that he was responsible for the fire both by contesting that the neon sign circuit of the Lung and Wellness Center ignited the fire and by pointing to the negligence of Gene Newhams (for energizing the circuit breaker that controlled the neon sign) and Larry Jeffries (for turning on the circuit breaker) as being the factual cause of the fire even assuming that it did originate in the neon sign circuit; 3) Plaintiff's failure to move for a directed verdict also precludes it from seeking a new trial based on the sufficiency of the evidence; 4) Plaintiff only preserved objections about Dolence's testimony regarding photographs that were not in his report and the legal standard for fire investigation (all other challenges are waived because they were not raised at trial) and these objections fail because Dolence was referring to

5

photographs taken by the fire marshal that were referenced in his report and Dolence merely testified about the guidelines established by the National Fire Protection Association; 5) Plaintiff waived any objections to Defendant's closing argument because it failed to object at the time; 6) Plaintiff waived any objections to the manner in which the Court handled the jury questions because it agreed to this procedure and in any event the jury instruction was taken directly from Pennsylvania's Suggested Standard Civil Jury Instructions; and 7) the jury's verdict was not inconsistent because it indicated that, although Beal may have acted negligently, the fire was not caused by his negligence, but by that of Newhams, Jeffries or some other undetermined source.

In a reply brief, Plaintiff argues that: 1) the issues raised were properly preserved for appeal and are properly before the Court; 2) Dolence's testimony created confusion that warrants judgment notwithstanding the verdict or a new trial; and 3) defense counsel's improper statements in her closing argument cannot be excused as harmless error.

In a sur-reply brief, Defendant contends that: 1) Plaintiff cites no authority in support of its argument that it has not waived its ability to seek judgment notwithstanding the verdict, and Rule 50(b) explicitly requires a motion to be made before the close of the presentation of the evidence; 2) Plaintiff has not responded to Beal's argument that he had challenged Plaintiff's contention that he was responsible for the fire in two distinct ways and thus the jury's verdict was supported by the evidence in the record; 3) Plaintiff's motion in limine did not preserve its contentions that Dolence made misrepresentations during the course of his testimony or that his opinions were based on his subjective beliefs; 4) the record reflects that Plaintiff acquiesced in the Court's proposal for how to handle the jury question on factual cause; 5) Dolence did not testify about Plaintiff's burden of proof but rather what he believes should be done in a fire investigation, and the jury's finding that Beal's negligence was not the factual cause of the fire is

6

not a sign of confusion but rather its understanding of Dolence's testimony questioning whether the neon sign circuit caused the fire, and Dolence's report referenced the fire marshal's photographs; 6) as with Plaintiff's objections to Defendant's closing argument made in its initial brief, the new arguments made in the reply brief (that Plaintiff had to rule out all possible causes of the fire, that oral statements were not the best evidence of the scope of Beal's work and that Plaintiff had probably gotten money from the Third-Party Defendants) are also waived because Plaintiff did not object to these statements at the time they were made (or even in its initial motion for post-trial relief) and in any event, the statements were not improper; and 7) Plaintiff cannot invoke the plain error doctrine because the Court did not err and even if mistakes were made, Plaintiff has not demonstrated how they call the integrity of the trial into question.

Waiver

Defendant argues that many of Plaintiff's arguments are waived because they were not raised at the time the allegedly objectionable conduct occurred. Plaintiff responds that the arguments were properly preserved. However, it is noted that Plaintiff does not distinguish between the two types of motion it has filed, which is significant.

Rule 50(a)(2) states that "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Rule 50(b) then states that:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Thus, the Rule indicates—and case law holds—that: "A motion for judgment

notwithstanding the verdict cannot be made unless a motion for directed verdict was made by the party at the close of all the evidence." Yohannon v. Keene Corp., 924 F.2d 1255, 1261 (3d Cir. 1991) (citation omitted).[1]

Plaintiff did not move for a judgment as a matter of law before the case was submitted to the jury under Rule 50(a). Indeed, the first time it raised the arguments raised herein is when it filed the pending motion on April 25, 2018. Therefore, it cannot move for judgment as a matter of law under Rule 50(b). The Court need not address Defendant's alternative arguments about the merits of Plaintiff's motion.

In the Yohannon case, the Court of Appeals also stated that: "On sufficiency, the failure to move for a directed verdict at the close of all evidence does more than limit an aggrieved party's remedy to a new trial. In this Circuit, it wholly waives the right to mount any post-trial attack on the sufficiency of the evidence." 924 F.2d at 1262. Thus, Plaintiff cannot raise any claims relating to the sufficiency of the evidence.

The Court of Appeals has held that "a party who fails to object to errors at trial waives the right to complain about them following trial." Waldorf v. Shuta, 142 F.3d 601, 629 (3d Cir. 1998). This principle applies to objections to an expert witness's testimony. See Wright v. City of Phila., 2007 WL 951421, at *3 (E.D. Pa. Mar. 27, 2007). Plaintiff contends that it filed a motion in limine to preclude Dolence's testimony[2] and cites Rule of Evidence 103(b),[3] which states that: "Once the court rules definitively on the record—either before or at trial—a party

---

[1] A 2006 amendment to the Rule removed the requirement that the motion be made at the close of all the evidence. Nevertheless, the Rule still requires the motion to be made before the case is submitted to the jury.
[2] Plaintiff's motion in limine (ECF No. 131) was denied by order dated March 12, 2018 (ECF No. 180).
[3] Actually, it cites "Rule of Civil Procedure 103(b)," which does not exist.

8

need not renew an objection or offer of proof to preserve a claim of error for appeal." The Rule has no bearing on whether an issue has been preserved for purposes of post-trial motions, which is the question presented here. Therefore, Plaintiff's challenges are limited to the objections it raised at trial.

Defendant also contends that Plaintiff waived any objections to Beal's counsel's closing argument because it failed to object during the course of the remarks or immediately thereafter, that Plaintiff cannot object to the manner in which the Court handled the jury question because Plaintiff's counsel explicitly agreed to the manner in which the Court proposed to respond (namely by reading back the Standard Jury Instruction on factual cause), and that Plaintiff failed to object to any inconsistency in the jury's verdict prior to the jury being excused. Waldorf, 142 F.3d at 629 (party who failed to object to opposing counsel's closing remarks waived any such objection). See Frank C. Pollard Group, LLC v. Ocean View Inv. Holding, LLC, 784 F.3d 177, 191 (3d Cir. 2015) (holding that, "if a party fails to object to an inconsistency in a general verdict before the jury is excused, that party waives any objection in that regard.")

The Court concludes that Defendant's arguments about waiver are supported by the record. Not only did Plaintiff not object to an inconsistency in the verdict, but Plaintiff's counsel affirmatively agreed with the plan of reading back the jury instruction on factual cause and when the juror started to make a comment, Plaintiff made no motion regarding jury confusion. (ECF No. 209 Ex. F at 27.)[4] Moreover, as Defendant observes, Plaintiff has raised different objections about counsel's closing argument in its reply brief (that Plaintiff had to rule out all possible

---

[4] Plaintiff argues that it was merely acknowledging that portion of the charge the Court decided to re-read to the jury, not that it agreed that such a measure would correct the jury's confusion (ECF No. 215 at 3). However, the record clearly reflects that the Court asked counsel if they agreed to the instruction being read back again and Mr. DiFlorio responded "right." (ECF No. 209 Ex. F.)

causes of the fire, that oral statements were not the best evidence of the scope of Beal's work[5] and that Plaintiff had probably gotten money from the Third-Party Defendants[6]) than it raised in its initial motion and brief (that counsel improperly suggested that Newhams knew his conduct was the cause of the fire because he could not be found after the fire occurred), but in any event, Plaintiff did not object to the closing argument in any respect.

Finally, Plaintiff cites Federal Rule of Evidence 103(e): "A court may take notice of plain error affecting a substantial right, even if the claim of error was not properly preserved."[7] However, the Court of Appeals has held that "[a] finding of plain error in the civil context is only appropriate when the error is so serious and flagrant that it goes to the very integrity of the trial." Walden v. Georgia-Pacific Corp., 126 F.3d 506, 521 (3d Cir. 1997) (citations omitted). In Walden, the court held that, although the district court committed error by excluding the statements of certain individuals, it could not conclude that the outcome of the trial would have been different if the jury heard the statements, or that the error threatened the very integrity of the trial. In this case, Plaintiff has not pointed to any error during the trial of such a serious and flagrant nature, nor has it explained how the jury's exposure to the information damaged the integrity of the trial. Therefore, the plain error doctrine will not be invoked.

For these reasons, all of the objections cited above are waived and cannot serve as the basis for a motion for a new trial. The Court need not address the arguments concerning the merits of these claims.

---

[5] As Defendant notes, Plaintiff does not identify in the record where this allegedly improper statement was made. Therefore, it need not be discussed further.

[6] Defendant's counsel did not make such a statement; rather, she merely noted that, because Plaintiff had sued only Beal, it could not seek to recover from Newhams or Jeffries. (ECF No. 205 Ex. D at 7-8.)

[7] Again, Plaintiff actually cites "Federal Rule of Civil Procedure 103(e)," which does not exist. The Court assumes that Plaintiff meant to cite the Rule of Evidence.

Dolence's Testimony

Defendant notes that, at trial, Plaintiff objected to Ralph Dolence's testimony on only four occasions: 1) when he was testifying about photographs of the fire scene, Plaintiff objected on the ground that certain photographs were not contained in Dolence's expert report (T.T. Mar. 26, 2018 at 34-40); 2) Plaintiff made an objection based on hearsay (id. at 86); 3) Plaintiff subsequently made another objection based on hearsay (id. at 96); and 4) Plaintiff objected that Dolence was setting an improper legal standard for fire investigation (id. at 119).[8] With respect to the two hearsay objections, the Court directed Dolence to limit his testimony to his own impressions and not refer to what other people told him and Dolence agreed to do so.

With respect to the first objection, Defendant responds that the photographs that Dolence was citing were included in the fire marshal's report, that Dolence's report incorporated the fire marshal's report and thus they were in the record. Moreover, to the extent Plaintiff's counsel was complaining that he was having difficulty locating the pictures, Defendant's counsel identified the exhibits that she was going to use and informed Plaintiff's counsel where they could be found. (T.T. Mar. 26, 2018 at 39.) Afterward, Plaintiff's counsel gave no indication that he was still having difficulty finding the photographs.

In its reply brief, Plaintiff contends that Dolence refused to produce his file at his deposition on the basis that the notice failed to include duces tecum language, but that Rule 26(a)(2)(B) placed the affirmative obligation on Beal's counsel to identify the specific facts, data and proposed exhibits—even if the file was "quite voluminous"—on which Dolence would rely at trial. Plaintiff argues that Beal's failure to do this, combined with the confused marking of

---

[8] ECF No. 209 Ex. A.

11

hundreds of photographs[9] when only a few of them were used at trial, unduly prejudiced Seneca, impaired counsel's ability to effectively cross-examine Dolence and is likely the cause of the confusion that resulted in the jury's inconsistent verdict.

In his sur-reply brief, Defendant argues that the photographs about which Dolence testified were identified in his expert report and had been in Plaintiff's counsel's possession since the early stages of the litigation. Plaintiff has not disputed this point. Dolence's report indicates that he considered, inter alia, "Fire Marshal Photographs & Report." (ECF No. 205 Ex. A at 2.) Defendant notes that, shortly after this litigation began, Plaintiff subpoenaed and obtained all the documents and photographs taken by the fire marshal in the course of his investigation. (ECF No. 209 Exs. B, C, D.) As Defendant observes, Plaintiff cites no authority for the contention that an expert is required to identify specifically and reproduce in the report every photograph reviewed in arriving at an opinion.

Plaintiff contends that Dolence provided an opinion that the jury should find for Defendant unless Plaintiff eliminated every cause of the fire except Beal's negligence. Defendant responds that this is not an accurate representation of Dolence's testimony.

The record reflects that Dolence was testifying about the manner in which the fire investigation was conducted (evidence that should have been collected, tested and examined but was not) and whether it met the guidelines set by the National Fire Protection Association when the following objection was made:

> MR. DIFLORIO: Your honor, I have to object. He's just going on and on as if he's setting the legal standard for fire investigation.
>
> THE COURT: Interpret it.

---

[9] The Court agrees with Plaintiff that Defendant's exhibits were confusingly marked with designations such as "twelve times H."

THE WITNESS: Sorry, Your Honor. I won't do that anymore.

(T.T. Mar. 26, 2018 at 119-20.)

Defendant's counsel then asked Dolence if he believed that the cause of the fire was proven to an acceptable level of certainty and he said no. She then asked him what he thought the cause of the fire was and he replied as follows:

> A. I don't know what the cause of the fire was. The fire is undetermined. There were other things that should have been looked at and traced and examined and were not. Methodologies weren't followed. Evidence was destroyed. Evidence was taken in other's custody without other parties involved looking at it. Many things were done improperly, in my opinion, in this case. The outcome should have been undetermined because there's no way other things were ruled in. You have to rule other things out. If you can't rule something out, how did you rule it out as the cause? I don't know if there's something in the pizza place, in that cupula area, in that area that could have caused the fire because nobody looked at it. Nobody looked at the transformers. Nobody followed the wire back. Others said it could have been this, but nobody did it. If you see it, you have to document it.

(Id. at 120.)

Thus, the record demonstrates that Dolence was testifying about what he believed were flaws in the fire investigation, which he was permitted to do. He did not testify that Plaintiff had to eliminate every other potential cause of the fire in order for Beal to held liable. Plaintiff's counsel could and did cross-examine him about his position and could and did present its own witnesses who testified that the fire investigation was properly conducted and it was the jury's responsibility to determine which witnesses to believe.

Finally, Plaintiff's argument is premised on the position that the jury's verdict is internally inconsistent, because it found Beal to be negligent but did not conclude that his negligence was the factual cause of the fire. In addition to the fact that this argument is waived because Plaintiff did not raise it at the trial, it is also not persuasive. As Defendant notes, he challenged Plaintiff's case in two distinct respects: 1) he presented testimony by Dolence that

13

questioned the validity and reliability of Plaintiff's assertion that the neon sign circuit related to Beal's work ignited the fire at the plaza; and 2) he presented evidence that, even if the neon sign circuit was the cause of the fire, the fire was caused by the actions or omissions of Newhams (who turned the power on) and/or Jeffries (who may have turned on the circuit controlling the sign). Under either of these scenarios, the verdict was not inconsistent.

For all of these reasons, Plaintiff's motion will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA INSURANCE CO. a/s/o WILD BLUE MANGEMENT LP, <br> Plaintiff, <br><br> vs <br><br> MARK BEAL d/b/a MARK'S MAINTENANCE AND REPAIR, <br> Defendant and Third-Party Plaintiff, <br><br> vs <br><br> LARRY D. JEFFRIES d/b/a L&D CONTRACTING and GENE NEWHAMS d/b/a/ G.N. ELECTRICAL, <br> Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 13-1737 |

## ORDER

AND NOW, this 14th day of June, 2018, for the reasons explained above,

IT IS HEREBY ORDERED that Plaintiff, Seneca Insurance Company's Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial (ECF No. 204) is denied.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
UNITED STATES MAGISTRATE JUDGE